NICHOLAS M. WAJDA (State Bar #259178)
Attorney Email Address: nick@wajdalawgroup.com
WAJDA LAW GROUP, APC
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENESIS M. VASQUEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>Defendant. | Case No. 2:19-cv-10652<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.;**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Now Comes Plaintiff, GENESIS M. VASQUEZ, individually and on behalf of all others similarly situated, by and through her undersigned attorney, and brings this Complaint against Defendant MIDLAND CREDIT MANAGEMENT, INC.:

**I. Parties, Jurisdiction and Venue**

1. GENESIS M. VASQUEZ ("Plaintiff") is a resident of Goleta, California.

2. Subject matter jurisdiction exists pursuant to 28 U.S.C. §§1331 and 1337 because this civil action is pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692.

3. Defendant MIDLAND CREDIT MANAGEMENT, INC. ("MCM" or "Defendant") is incorporated in the State of Kansas and maintains its principal place of business at 350 Camino De La Reina, Suite 300, San Diego, California 92108.

4.      MCM is a debt collector as defined by Section 1692a(6) of the FDCPA because (a) its principal purpose is the purchase of and collection of consumer debts and (b) it routinely uses the mail and/or telephone for the collection of consumer debts.

5.      MCM's primary business purpose involves collecting defaulted debts that were purchased from original creditors by Midland Funding, LLC ("Midland").

6.      Jurisdiction and venue exist pursuant to 15 U.S.C. § 6104(f) which provides that "[a]ny civil action brought under subsection (a) in a district court of the United States may be brought in the district in which the defendant is found, is an inhabitant, or transacts business or wherever venue is proper under section 1391 of title 28."

7.      Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because MCM mailed collection letters to Plaintiff's address within this District and MCM routinely collects consumer debts in this District.

8.      Venue and personal jurisdiction exist in this District pursuant to U.S.C. §§ 1391(b)-(c) and 1441(a) because MCM, as a corporation, is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

9.      Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because MCM is subject to personal jurisdiction within this District by virtue of the fact that it has conducted significant and continuous debt purchase and collection activities within this jurisdiction.

**II.      The Subject Debts**

10.     Plaintiff obtained credit from Citibank, N.A. ("Citibank") in the form of a "Sears" branded credit card (the "Citibank Sears Debt").

11.     Plaintiff incurred the Citibank Sears Debt for personal and household expenses.

12.     Plaintiff obtained credit from Citibank in the form of a "Best Buy" branded credit card (the "Citibank Best Buy Debt").

13.     The Citibank Sears Debt and Citibank Best Buy Debt are collectively referred to as the Subject Debts.

14.     Plaintiff incurred the Subject Debts for personal and household expenses.

15.     Due to financial difficulties beyond her control, Plaintiff was unable to make timely payments on the Subject Debts.

16.     Plaintiff suffered stress and anxiety from being unable to pay the Subject Debts.

17.     The Citibank Sears Debt, in an amount of $2,473.8, was charged off by Citibank on March 15, 2017.

18.     The Citibank Best Buy Debt, in an amount of $1,594.81, was charged off by Citibank on March 14, 2017.

19.     After the Subject Debts were charged off, Citibank sold the Subject Debts to Midland.

20.     Midland paid Citibank less than $250.00 to purchase the Citibank Sears Debt.

21.     On information and belief, Midland paid Citibank less than $25.00 to purchase the Citibank Sears Debt.

22.     Midland paid Citibank less than $160.00 to purchase the Citibank Sears Debt.

23.     On information and belief, Midland paid Citibank less than $16.00 to purchase the Citibank Sears Debt.

24.     As set forth below, on behalf of Midland, MCM has attempted to collect the Subject Debts from Plaintiff by calling Plaintiff's cellular telephone.

25.     As set forth below, on behalf of Midland, MCM has attempted to collect the Subject Debts from Plaintiff by mailing letters to Plaintiff.

26.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because MCM regarded her as a "person obligated or allegedly obligated to pay" the Subject Debts.

27.     MCM regards the Subject Debts as "arising out of a transactions in which" money and/or services were obtained by Plaintiff from a creditor where the money and/or services were "primarily for personal, family or household purposes[.]"

**III.     MCM's Collection Letter and Envelopes**

28.     In or around February, March or April of 2019, MCM attempted to collect the Citibank Best Buy Debt by sending Plaintiff a letter that was mailed inside of an envelope that contained the words "**TIME SENSITIVE DOCUMENT**" in bold, fully capitalized font (the "Time Sensitive Document Envelope").

29.     MCM's use of the words "**TIME SENSITIVE DOCUMENT**" to collect the Citibank Best Buy Debt caught Plaintiff's attention.

30.     MCM's use of the words "**TIME SENSITIVE DOCUMENT**" on the face of the Time Sensitive Document Envelope caught Plaintiff's attention.

31.     Plaintiff became anxious after she read the words "**TIME SENSITIVE DOCUMENT**" and recognized that the Time Sensitive Document Envelope had been sent to her by MCM.

32.     Plaintiff opened the 10-02-2019 Letter because she was anxious to learn about the "**TIME SENSITIVE DOCUMENT**" enclosed within the Time Sensitive Document Envelope.

33.     Plaintiff called MCM in response to receiving the letter that was enclosed within the Time Sensitive Document Envelope.

34.     As recently as October of 2019, MCM sent a letter to Plaintiff dated 10-02-2019 (the "10-02-2019 Letter") in an attempt to collect the Citibank Best Buy Debt.

35.     The front page of the 10-02-2019 Offer Letter is depicted below:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26



27   36.   The 10-02-2019 Letter (hereafter "10-02-2019 Offer Letter" or at times "Letter") is

28   a form letter used utilized by MCM.

37.  The 10-02-2019 Offer Letter identified "Citibank N.A." as the original creditor.

38.  The subject or "RE" line of the 10-02-2019 Offer Letter identified "Citibank, N.A. Sears Card".

39.  The 10-02-2019 Offer Letter indicated that MCM was attempting to collect $1,594.81 from Plaintiff on behalf of Midland.

40.  The words of the body of the 10-02-2019 Offer Letter are utilized in MCM's form letters that it sends to other consumers to collect debts owed to Midland.

41.  The body of the 10-02-2019 Offer Letter told Plaintiff, "mistakes happen to anyone" and informed her that "Midland Credit Management believes that everyone deserves a second chance."

42.  The 10-02-2019 Offer Letter instructed Plaintiff to "CALL US TODAY!" and listed MCM's telephone and offered Plaintiff "**40% OFF your balance to help you eliminate your debt while saving you money**" in bold font (emphasis in Letter).

43.  The 10-02-2019 Offer Letter also included an offer of "**20% OFF** Over 6 Months" (emphasis in Letter).

44.  Prior to 10-02-2019, MCM sent a similarly worded version of the 10-02-2019 Offer Letter where the prior letter provided Plaintiff with a 40% and 20% off the Citibank Sears Debt.

45.  To the best of Plaintiff's recollection, MCM mailed the 10-02-2019 Letter inside of an envelope that contained the words "**TIME SENSITIVE DOCUMENT**" in bold, fully capitalized font.

46.  Plaintiff recognized that the 10-02-2019 Letter was from MCM and opened the envelope immediately upon receiving it because she was anxious to read the "**TIME SENSITIVE DOCUMENT**" that was enclosed within the Time Sensitive Document Envelope.

47.     Alternatively, within one year of the filing of this civil action, in an attempt to collect the Citibank Best Buy Debt, prior to mailing the 10-02-2019 Letter, MCM mailed a similarly worded collection letter to Plaintiff inside of Time Sensitive Document Envelope.

48.     Additionally, within one year of the filing of this civil action, Plaintiff recalls that MCM mailed her a collection letter in an attempt to collect one or both of the subject debts where the envelope was embossed with the fully capitalized words "IMPORTANT DOCUMENT ENCLOSED" and "ATTENTION REQUESTED" (hereafter "Attention Requested Envelope").

49.     The Attention Requested Envelope was formatted in a manner that the words "IMPORTANT DOCUMENT ENCLOSED" formed a circle around the words "ATTENTION REQUESTED".

50.     A close-up *example* of the Attention Requested Envelope is depicted below:



51.     Plaintiff recalls that the Attention Requested Envelope's used of the words "IMPORTANT DOCUMENT ENCLOSED" and "ATTENTION REQUESTED" caused her to become anxious to read the contents of the envelope.

## IV. Causes of Action

### Count I – The Time Sensitive Document Envelope Violates §§ 1692f and 1692f(8)

52.     Plaintiff realleges the above paragraphs as though fully set forth herein.

53.     Section 1692f of the FDCPA generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

54.     Section 1692f(8) prohibits a debt collector from:

> Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

55.     MCM's conduct in mailing the 10-02-2019 Offer Letter and other prior letters inside of a Time Sensitive Document Envelope violated Section 1692f(8) of the FDCPA because Section 1692f(8) prohibits a debt collector from using any language, other than the debt collector's address, on any envelope when communicating with a consumer.

56.     MCM's conduct in mailing the 10-02-2019 Offer Letter and other prior letters inside of the Time Sensitive Document Envelope violated Section 1692f(8) of the FDCPA because the words "**TIME SENSITIVE DOCUMENT**" caused consumers like Plaintiff to open the Time Sensitive Document Envelopes and read the contents of the letter as a result of a false sense of urgency.

57.     By mailing the 10-02-2019 Offer Letter and others like it inside of Time Sensitive Document Envelopes, MCM violated Section 1692f(8) of the FDCPA because the words "**TIME SENSITIVE DOCUMENT**" constituted unfair or unconscionable means to collect or attempt to collect the subject debt where the contents of the 10-02-2019 Letter were not clearly "time sensitive" in nature.

58.     By mailing the 10-02-2019 Letter and others like it inside of Time Sensitive Document Envelopes, MCM violated Section 1692f(8) of the FDCPA because the words "**TIME SENSITIVE DOCUMENT**" constituted a false, deceptive and misleading method of communicating with consumers to collect debts where the contents of the collections letters were not clearly "time sensitive" in nature and where it was MCM's practice to repeatedly send discounted payment options to consumers like Plaintiff where the letters were formatted in different ways to confirm a central theme – that the discounted payment options *were* "time sensitive" in nature – when the discounted offers were often renewed at what appeared to be MCM's whim.

59.     The Time Sensitive Document Envelope's use of the words "**TIME SENSITIVE DOCUMENT**" violated Section 1692f(8) because printing these words on the Envelope in this manner unfairly and/or unconscionably suggests that one or more of the above identified collection letters is "time sensitive" when the opposite is true.

60.     The Time Sensitive Document Envelope's use of the words "**TIME SENSITIVE DOCUMENT**" violated Section 1692f(8) because these words intended to create, and did create, a false sense of urgency to consumers like Plaintiff.

61.     MCM violated Section 1692f of the FDCPA because MCM's use of Time Sensitive Document Envelope's use of the words "**TIME SENSITIVE DOCUMENT**" was an "unfair or unconscionable means to collect or attempt to collect any debt."

62.     At least 40 persons with addresses from within this District were sent a collection letter by MCM where the collection letter was mailed inside a Time Sensitive Document Envelope within one year of the filing of this lawsuit and the original creditor was Citibank, N.A.

63.     MCM's use of the Time Sensitive Document Envelope satisfies the elements of typicality, commonality, predominance and superiority.

64.    On information and belief, consumers may have paid their debts as a result of MCM's above violations of the FDCPA.

65.    Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses within this District who were mailed a form collection letter where the letters identified Citibank, N.A. as the original creditor and the collection letters were mailed inside of envelopes containing the words "**TIME SENSITIVE DOCUMENT**".

66.    The class period is limited to one year from the filing of this lawsuit or until the unlawful conduct ends. The class is subject to amendment if there are less than 40 class members who received the subject envelope or letter from the above identified creditor.

67.    The proposed class can be defined by MCM's records.

68.    Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a.    declare that the Time Sensitive Document Envelope violates Sections 1692f and 1692(8) of the FDCPA;

b.    enjoin Defendant MCM from using the Time Sensitive Document Envelope in conjunction with any future collection letters;

c.    award Plaintiff statutory damages of up to $1,000;

d.    award Plaintiff and all class members actual damages if they paid their subject debts after receiving a collection letter in a Time Sensitive Document Envelope;

e.    award class members maximum statutory damages; and

f.    award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count II – The Attention Requested Envelope Violates §§ 1692f and 1692f(8)**

69.    Plaintiff realleges the above paragraphs as though fully set forth herein.

70.     Section 1692f of the FDCPA generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

71.     Section 1692f(8) prohibits a debt collector from:

> Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

72.     MCM's conduct in mailing one or more collection letters inside of an envelope that was embossed with the words "IMPORTANT DOCUMENT ENCLOSED" and "ATTENTION REQUESTED" violated Section 1692f(8) which prohibits a debt collector from using any language, other than the debt collector's address, on any envelope when communicating with a consumer.

73.     MCM's conduct in mailing one or more collection letters inside of an envelope that was embossed with the words "IMPORTANT DOCUMENT ENCLOSED" and "ATTENTION REQUESTED" violated Section 1692f(8) because these words intended to create, and did create, a false sense of urgency to consumers like Plaintiff.

74.     At least 40 persons with addresses from within this District were sent a collection letter by MCM where the envelope used to mail the collection letter contained the words "IMPORTANT DOCUMENT ENCLOSED" and "ATTENTION REQUESTED" (the "Attention Requested Envelope") and the letter was mailed within one year of the filing of this lawsuit and the original creditor was Citibank, N.A.

75.     MCM's use of the Attention Requested Envelope satisfy the elements of typicality, commonality, predominance and superiority.

76.     On information and belief, consumers may have paid their debts as a result of MCM's above violations of the FDCPA.

77.    Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses within this District who were mailed a form collection letter where the letters identified Citibank, N.A. as the original creditor and the collection letters were mailed inside of envelopes containing the words "IMPORTANT DOCUMENT ENCLOSED" and "ATTENTION REQUESTED".

78.    The class period is limited to one year from the filing of this lawsuit or until the unlawful conduct ends. The class is subject to amendment if there are less than 40 class members who received the subject envelope or letter from the above identified creditor.

79.    The proposed class can be defined by MCM's records.

80.    Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a.    declare that the Attention Requested Envelope violates Sections 1692f and 1692(8) of the FDCPA;

b.    enjoin Defendant MCM from using the Time Sensitive Document Envelope in conjunction with any future collection letters;

c.    award Plaintiff statutory damages of up to $1,000;

d.    award Plaintiff and all class members actual damages if they paid their subject debts after receiving a collection letter in a Time Sensitive Document Envelope;

e.    award class members maximum statutory damages; and

f.    award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count III – MCM's Use of the Time Sensitive Document Envelope and the Wording and Formatting of the 10-02-2019 Offer Letter Violate § 1692f of the FDCPA**

81.    Plaintiff realleges the above paragraphs as though fully set forth herein.

82.    Section 1692f of the FDCPA generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

83.    MCM's conduct in mailing the 10-02-2019 Offer Letter and other similar offer letters inside of an envelope said the words "**TIME SENSITIVE DOCUMENT**" on the front of the envelope.

84.    By mailing the 10-02-2019 Letter and others like it inside of Time Sensitive Document Envelopes, MCM violated Section 1692f of the FDCPA because the words "**TIME SENSITIVE DOCUMENT**" caused consumers like Plaintiff to open the Time Sensitive Document Envelope s and read the contents of the letter as a result of a false sense of urgency.

85.    The 10-02-2019 Letter informed Plaintiff that if she wanted to accept the 40% off payment option, she had to pay MCM by 11-01-2019.

86.    Thereafter, the 10-02-2019 Letter was signed by Tim Bolin, MCM's purported Division Manager.

87.    More than two inches below Mr. Bolin's signature, the 10-02-2019 Letter included the phrase, "We are not obligated to renew any offers provided" (hereafter the "Renewal Disclaimer").

88.    MCM intentionally placed the Renewal Disclaimer over two inches below the 40% offer to minimize the impact that this Disclaimer would have on a recipient of the Letter.

89.    MCM intentionally formatted the 10-02-2019 Letter to place the Renewal Disclaimer more than two inches below the 40% offer.

90.    It appears that MCM used the Disclosure Language to suggest to consumers, "[w]e are not obligated to renew any offers provided".

91.    However, MCM's placement of the Disclosure Language inches away from the 40% and 20% off offers described in the body of the 10-02-2019 Offer Letter constitutes a violation of

Section 1692f of the FDCPA through what one attorney for MCM described as "visual overshadowing".

92.    The 10-02-2019 Letter did not specifically identify a payment amount or identify the amount of money that was 40% of the amount listed on the Letter.

93.    The 10-02-2019 Letter did not specifically identify a payment amount or identify the amount of money that was 40% of the amount listed on the Letter in order to induce Plaintiff to call MCM.

94.    By mailing the 10-02-2019 Offer Letter and others like it inside of Time Sensitive Document Envelopes, MCM violated Section 1692f of the FDCPA because the words "**TIME SENSITIVE DOCUMENT**" constituted and unfair or unconscionable means to collect or attempt to collect the subject debt where the 40% and 20% off offers described in the body of the 10-02-2019 Offer Letter identified by MCM as being "time sensitive" in nature.

95.    It is not clear whether the terms of the 10-02-2019 Offer Letter are truly time sensitive in nature as MCM claimed though its use of the Time Sensitive Document Envelope to mail the 10-02-2019 Offer Letter.

96.    MCM's conduct in mailing the 10-02-2019 Offer Letter and others like it inside of Time Sensitive Document Envelopes, and formatting the Offer Letter to contain a payment due date and burying the Disclosure Language at the bottom of the Letter constitutes an "unfair or unconscionable means to collect or attempt to collect any debt."

97.    By mailing the 10-02-2019 Offer Letter and others like it inside of Time Sensitive Document Envelopes, and formatting the Offer Letter to contain a payment due date and burying the Disclosure Language at the bottom of the Letter, MCM violated Section 1692f of the FDCPA.

98.    MCM's conduct in mailing the 10-02-2019 Offer Letter and others like it inside of Time Sensitive Document Envelopes, and formatting the Offer Letter to contain a payment due

date and burying the Disclosure Language at the bottom of the Letter, constitutes an "unfair or unconscionable means to collect or attempt to collect any debt" because these practices serve to confuse and mislead consumers like Plaintiff where it was MCM's practice to repeatedly send discounted payment options to consumers like Plaintiff where the letters were formatted similarly to confirm a central theme – that the discounted payment options *were in fact* "time sensitive" in nature – when the discounted offers appear to be able to be renewed at MCM's whim.

99.     MCM violated Section 1692f because the words "TIME SENSITIVE DOCUMENT" and the language and formatting of the 10-02-2019 Offer Letter created a false sense of urgency to consumers like Plaintiff.

100.    At least 40 persons with addresses from within this District were sent a collection letter by MCM where the collection letter was mailed inside a Time Sensitive Document Envelope within one year of the filing of this lawsuit and the original creditor was Citibank, N.A.

101.    MCM's use of the Time Sensitive Document Envelope in violation of Section 1692f of the FDCPA satisfied the elements of typicality, commonality, predominance and superiority.

102.    On information and belief, consumers may have paid their debts because of MCM's above violations of the FDCPA.

103.    Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses within this District who were mailed a form collection letter where the letters identified Citibank, N.A. as the original creditor and the collection letters were mailed inside of envelopes containing the words "**TIME SENSITIVE DOCUMENT**" and the letters conveyed 40% and 20% off offers and the letters contained the phrase "[w]e are not obligated to renew any offers provided".

104.    The class period is limited to one year from the filing of this lawsuit or until the unlawful conduct ends. The class is subject to amendment if there are less than 40 class members who received the subject envelope or letter from the above identified creditor.

105.    The proposed class can be defined by MCM's records.

106.    Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

    a.   declare that the Time Sensitive Document Envelope violates Section 1692f of the FDCPA;

    b.   enjoin Defendant MCM from using the Time Sensitive Document Envelope in conjunction with any future collection letters;

    c.   award Plaintiff statutory damages of up to $1,000;

    d.   award Plaintiff and any class members actual damages if they paid their subject debts after receiving a collection letter in a Time Sensitive Document Envelope;

    e.   award class members maximum statutory damages; and

    f.   award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count IV – MCM's Use of the Time Sensitive Document Envelope and the Wording and Formatting of the 10-02-2019 Offer Letter Violate § 1692e(2)(A) of the FDCPA**

107.    Plaintiff realleges the above paragraphs as though fully set forth herein.

108.    Section 1692e(2)(A) specifically prohibits: "[t]he false representation of — the character, amount, or legal status of any debt."

109.    MCM's conduct in mailing the 10-02-2019 Letter and other prior letters inside of Time Sensitive Document Envelopes violated Section 1692e(2)(A) of the FDCPA because MCM's use of the words "**TIME SENSITIVE DOCUMENT**" constituted a "false representation of — the character, . . . or legal status of any debt."

110.    Plaintiff immediately opened the Time Sensitive Document Envelope because of the fact that it contained the words "**TIME SENSITIVE DOCUMENT**."

111.    Plaintiff understood the words "**TIME SENSITIVE DOCUMENT**" to mean that there was a time sensitive document contained within the envelope.

112.    The Time Sensitive Document Envelope's use of the words "**TIME SENSITIVE DOCUMENT**" violates Section 1692e(2)(A) because printing the Time Sensitive Document Envelope in this manner falsely represented that the "character" or "legal status" of the contents of the Envelope was time-sensitive.

113.    MCM's use of the words "**TIME SENSITIVE DOCUMENT**" created a false sense of urgency to a consumers like Plaintiff as to the contents of the 10-02-2019 Letter.

114.    By mailing the 10-02-2019 Letter and others like it inside of Time Sensitive Document Envelopes, MCM violated Section 1692e(2)(A) of the FDCPA because the words "**TIME SENSITIVE DOCUMENT**" caused consumers like Plaintiff to open the Time Sensitive Document Envelope s and read the contents of the letter as a result of a false sense of urgency.

115.    The 10-02-2019 Letter informed Plaintiff that if she wanted to accept the 40% off payment option, she had to pay MCM by 11-01-2019.

116.    Thereafter, the 10-02-2019 Letter was signed by Tim Bolin, MCM's purported Division Manager.

117.    More than two inches below Mr. Bolin's signature, the 10-02-2019 Letter included the phrase, "We are not obligated to renew any offers provided" (hereafter the "Renewal Disclaimer").

118.    MCM intentionally placed the Renewal Disclaimer over two inches below the 40% offer to minimize the impact that this Disclaimer would have on a recipient of the Letter.

119.    MCM intentionally formatted the 10-02-2019 Letter to place the Renewal Disclaimer more than two inches below the 40% offer.

120.    It appears that MCM used the Disclosure Language to suggest to consumers, "[w]e are not obligated to renew any offers provided".

121.    However, MCM's placement of the Disclosure Language inches away from the 40% and 20% off offers described in the body of the 10-02-2019 Offer Letter constitutes a violation of Section 1692e(2)(A) through what one attorney for MCM described as "visual overshadowing".

122.    The 10-02-2019 Letter did not specifically identify a payment amount or identify the amount of money that was 40% of the amount listed on the Letter.

123.    The 10-02-2019 Letter did not specifically identify a payment amount or identify the amount of money that was 40% of the amount listed on the Letter in order to induce Plaintiff to call MCM.

124.    By mailing the 10-02-2019 Offer Letter and others like it inside of Time Sensitive Document Envelopes, MCM violated Section 1692e(2)(A) of the FDCPA because the words "**TIME SENSITIVE DOCUMENT**" created a false representation of the character, amount, or legal status of the Subject Debt, where the 40% and 20% off offers described in the body of the 10-02-2019 Offer Letter were presented to Plaintiff as being "time sensitive" in nature.

125.    It is not clear whether the terms of the 10-02-2019 Offer Letter are truly time sensitive in nature as MCM claimed though its use of the Time Sensitive Document Envelope to mail the 10-02-2019 Offer Letter.

126.    MCM's conduct in mailing the 10-02-2019 Offer Letter and others like it inside of Time Sensitive Document Envelopes, and formatting the Offer Letter to contain a payment due date and burying the Disclosure Language at the bottom of the Letter, constitutes a false representation of the character, amount, or legal status of the Subject Debt.

127.    By mailing the 10-02-2019 Offer Letter and others like it inside of Time Sensitive Document Envelopes, and formatting the Offer Letter to contain a payment due date and burying the Disclosure Language at the bottom of the Letter, MCM violated Section 1692e(2)(A).

128.    MCM's conduct in mailing the 10-02-2019 Offer Letter and others like it inside of Time Sensitive Document Envelopes, and formatting the Offer Letter to contain a payment due date and burying the Disclosure Language at the bottom of the Letter, constitutes a false representation of the character, amount, or legal status of the Subject Debt, because these practices serve to confuse and mislead consumers like Plaintiff, where it was MCM's practice to repeatedly send discounted payment options to consumers like Plaintiff where the letters were formatted similarly to confirm a central theme – that the discounted payment options *were in fact* "time sensitive" in nature – when the discounted offers appear to be able to be renewed at MCM's whim.

129.    MCM violated Section 1692e(2)(A) because the words "TIME SENSITIVE DOCUMENT" and the language and formatting of the 10-02-2019 Offer Letter created a false sense of urgency to consumers like Plaintiff and constitutes a false representation of the character, amount, or legal status of the Subject Debt.

130.    At least 40 persons with addresses from within this District were sent a collection letter by MCM where the collection letter was mailed inside a Time Sensitive Document Envelope within one year of the filing of this lawsuit and the original creditor was Citibank, N.A.

131.    Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses within this District who were mailed a form collection letter where the letters identified Citibank, N.A. as the original creditor and the collection letters were mailed inside of envelopes containing the words "**TIME SENSITIVE DOCUMENT**" and the letters conveyed 40% and 20% off offers and the letters contained the phrase "[w]e are not obligated to renew any offers provided".

132.    MCM's violation of Section 1692e(2)(A) through its use of the Time Sensitive Document Envelope to mail collection letters similar to the 10-02-2019 Offer Letter satisfies the elements of typicality, commonality, predominance and superiority.

133.    On information and belief, consumers may have paid their debts because of MCM's above violations of the FDCPA.

134.    The class period is limited to one year from the filing of this lawsuit or until the unlawful conduct ends. The class is subject to amendment if there are less than 40 class members who received the subject envelope or letter from the above identified creditor.

135.    The proposed class can be defined by MCM's records.

136.    Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

    a.  declare that the Time Sensitive Document Envelope and the 10-02-2019 Offer Letter violates Section 1692e(2)(A) of the FDCPA;

    b.  enjoin Defendant MCM from using the Time Sensitive Document Envelope in conjunction with any future collection letters;

    c.  award Plaintiff statutory damages of up to $1,000;

    d.  award Plaintiff and any class members actual damages if they paid their subject debts after receiving a similar 10-02-2019 Offer Letter in a Time Sensitive Document Envelope;

    e.  award class members maximum statutory damages; and

    f.  award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count V – The Time Sensitive Document Envelope Violates § 1692e(10)**

137.    Plaintiff realleges the above paragraphs as though fully set forth herein.

138. Section 1692e(10) specifically prohibits: "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

139. MCM's conduct in mailing the 10-02-2019 Offer Letter and other prior letters inside of Time Sensitive Document Envelopes violated Section 1692e(10) of the FDCPA because MCM's use of the words "**TIME SENSITIVE DOCUMENT**" constituted "[t]he use of any false representation or deceptive means to collect or attempt to collect [a] debt[.]"

140. MCM's use of the words "**TIME SENSITIVE DOCUMENT**" can and did create a false sense of urgency with Plaintiff and fellow consumers.

141. MCM's use of the words "**TIME SENSITIVE DOCUMENT**" violated Section 1692e(10) of the FDCPA because MCM's use of these words constituted the use of false representations and deceptive means to attempt to collect the Subject Debt.

142. Plaintiff immediately opened the Time Sensitive Document Envelopes because they contained the words "**TIME SENSITIVE DOCUMENT**."

143. Plaintiff understood the words "**TIME SENSITIVE DOCUMENT**" to mean that there was a time sensitive document contained within the envelope.

144. MCM's use of the words "**TIME SENSITIVE DOCUMENT**" created a false sense of urgency to a consumers like Plaintiff as to the contents of the 10-02-2019 Letter.

145. By mailing the 10-02-2019 Letter and others like it inside of Time Sensitive Document Envelopes, MCM violated Section 1692e(10) of the FDCPA because the words "**TIME SENSITIVE DOCUMENT**" caused consumers like Plaintiff to open the Time Sensitive Document Envelope, read the contents of the letter and create a false sense of urgency.

146. MCM's misconduct constitutes "[t]he use of any false representation or deceptive means to collect or attempt to collect [a] debt[.]"

147.    The 10-02-2019 Letter informed Plaintiff that if she wanted to accept the 40% off payment option, she had to pay MCM by 11-01-2019.

148.    Thereafter, the 10-02-2019 Letter was signed by Tim Bolin, MCM's purported Division Manager.

149.    More than two inches below Mr. Bolin's signature, the 10-02-2019 Letter included the phrase, "We are not obligated to renew any offers provided" (hereafter the "Renewal Disclaimer").

150.    MCM intentionally placed the Renewal Disclaimer over two inches below the 40% offer to minimize the impact that this Disclaimer would have on a recipient of the Letter.

151.    MCM intentionally formatted the 10-02-2019 Letter to place the Renewal Disclaimer more than two inches below the 40% offer.

152.    It appears that MCM used the Disclosure Language to suggest to consumers, "[w]e are not obligated to renew any offers provided".

153.    However, MCM's placement of the Disclosure Language inches away from the 40% and 20% off offers described in the body of the 10-02-2019 Offer Letter constitutes a violation of Section 1692e(10) through what one attorney for MCM described as "visual overshadowing".

154.    The 10-02-2019 Letter did not specifically identify a payment amount or identify the amount of money that was 40% of the amount listed on the Letter.

155.    The 10-02-2019 Letter did not specifically identify a payment amount or identify the amount of money that was 40% of the amount listed on the Letter in order to induce Plaintiff to call MCM.

156.    By mailing the 10-02-2019 Offer Letter and others like it inside of Time Sensitive Document Envelopes, MCM violated Section 1692e(10) of the FDCPA because the words "**TIME SENSITIVE DOCUMENT**" constituted a false representation or deceptive means to collect or

attempt to collect the Subject Debt, where the 40% and 20% off offers described in the body of the

10-02-2019 Offer Letter were presented to Plaintiff as being "time sensitive" in nature.

157.    It is not clear whether the terms of the 10-02-2019 Offer Letter are truly time

sensitive in nature as MCM claimed though its use of the Time Sensitive Document Envelope to

mail the 10-02-2019 Offer Letter.

158.    MCM's conduct in mailing the 10-02-2019 Offer Letter and others like it inside of

Time Sensitive Document Envelopes, and formatting the Offer Letter to contain a payment due

date and burying the Disclosure Language at the bottom of the Letter constituted a false

representation or deceptive means to collect or attempt to collect the Subject Debt.

159.    By mailing the 10-02-2019 Offer Letter and others like it inside of Time Sensitive

Document Envelopes, and formatting the Offer Letter to contain a payment due date and burying

the Disclosure Language at the bottom of the Letter, MCM violated Section 1692e(10) of the

FDCPA.

160.    MCM's conduct in mailing the 10-02-2019 Offer Letter and others like it inside of

Time Sensitive Document Envelopes, and formatting the Offer Letter to contain a payment due

date and burying the Disclosure Language at the bottom of the Letter, constitutes a false

representation or deceptive means to collect or attempt to collect the Subject Debt because these

practices serve to confuse and mislead consumers like Plaintiff where it was MCM's practice to

repeatedly send discounted payment options to consumers like Plaintiff where the letters were

formatted similarly to confirm a central theme – that the discounted payment options *were in fact*

"time sensitive" in nature – when the discounted offers appear to be able to be renewed at MCM's

whim.

161.    MCM violated Section 1692e(10) because the words "TIME SENSITIVE

DOCUMENT" and the language and formatting of the 10-02-2019 Offer Letter created a false

sense of urgency to consumers like Plaintiff and this false sense of urgency constituted a false representation or deceptive means to collect or attempt to collect the Subject Debt.

162.    At least 40 persons with addresses within this District were sent a collection letter by MCM where collection letters similar to the 10-02-2019 Offer Letter was mailed inside a Time Sensitive Document Envelope within one year of the filing of this lawsuit where the original creditor was Citibank, N.A.

163.    MCM's violation of Section 1692e(10), through its use of the Time Sensitive Document Envelope to mail collection letters similar to the 10-02-2019 Offer Letter, satisfies the elements of typicality, commonality, predominance and superiority.

164.    On information and belief, consumers may have paid their debts because of MCM's above violations of the FDCPA.

165.    Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses within this District who were mailed a form collection letter where the letters identified Citibank, N.A. as the original creditor and the collection letters were mailed inside of envelopes containing the words "**TIME SENSITIVE DOCUMENT**" and the letters conveyed 40% and 20% off offers and the letters contained the phrase "[w]e are not obligated to renew any offers provided".

166.    The class period is limited to one year from the filing of this lawsuit or until the unlawful conduct ends. The class is subject to amendment if there are less than 40 class members who received the subject envelope or letter from the above identified creditor.

167.    The proposed class can be defined by MCM's records.

168.    Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a.    declare that the Time Sensitive Document Envelope and the 10-02-2019

Offer Letter violates Section 1692e(10) of the FDCPA;

b.  enjoin Defendant MCM from using the Time Sensitive Document Envelope  in conjunction with any future collection letters;

c.  award Plaintiff statutory damages of up to $1,000;

d.  award Plaintiff and class members actual damages if they paid their subject debts after receiving a letter similar to the 10-02-2019 Offer Letter in a Time Sensitive Document Envelope ;

e.  award class members maximum statutory damages; and

f.  award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

***Plaintiff demands a jury trial***

Respectfully submitted, on behalf of Plaintiff GENESIS VASQUEZ, individually and on behalf of all others similarly situated,

/s/ Nicholas M. Wajda
Nicholas M. Wajda
WAJDA LAW GROUP, APC
6167 Bristol Parkway, Suite 200
Culver City, California 90230
Telephone: (310) 997-0471
nick@wajdalawgroup.com